USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/14/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISTAL BELL HIGGINS,

Plaintiff,

-against-

METRO-NORTH COMMUTER RAILROAD,

Defendant.

19-CV-9981 (AT)

ORDER OF SERVICE

ANALISA TORRES, United States District Judge:

Plaintiff brings this *pro se* action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117 and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging that her employer discriminated against her based on her disability. By order dated November 13, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis*.

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the

plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Metro-North Commuter Railroad (Metro-North) through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is directed to mail an information package to Plaintiff.[1]

The Clerk of Court is further instructed to complete the USM-285 forms with the address for Metro-North and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: November 14, 2019
New York, New York

ANALISA TORRES
United States District Judge

[1] Plaintiff has consented to electronic service. (ECF No. 2.)

**DEFENDANT AND SERVICE ADDRESS**

1. Metro-North Commuter Railroad
347 Madison Avenue, 20th Floor
New York, NY 10017