UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
KRISTAL BELL HIGGINS,

                Plaintiff,

            -against-

METRO-NORTH COMMUTER RAILROAD,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/2021

19 Civ. 9981 (AT) (JLC)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff brought this *pro se* action on October 25, 2019, alleging that Defendant, Metro-North Commuter Railroad, violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, by terminating her employment, not accommodating her disability, and retaliating against her by requiring her to submit to two medical examinations to prove her disability. Compl. ¶¶ III–IV, ECF No. 1. Plaintiff consented to receive electronic service via ECF. ECF No. 2.

      On July 21, 2020, the Honorable James L. Cott scheduled a telephonic initial pretrial conference for August 5, 2020. ECF No. 16. Plaintiff did not attend this conference, and therefore Judge Cott rescheduled the conference to August 25, 2020. ECF No. 17. At that conference, Judge Cott set the close of fact discovery for December 15, 2020. ECF No. 18.

      On November 9, 2020, Defendant served written interrogatories, document requests, and a deposition notice to Plaintiff by e-mail and certified mail. Def. Mem. at 1, ECF No. 23. Plaintiff's responses were due on December 9, 2020, and her deposition was noticed for December 11, 2020. *Id.* Plaintiff did not respond to Defendant's attempts to contact her regarding discovery or her deposition, and so on December 10, 2020, Defendant moved to compel Plaintiff to respond to written discovery by January 15, 2021, and to appear for a deposition on or before February 1, 2021. *Id.*; ECF No. 21 at 2. Judge Cott granted the motion on December 15, 2020, and warned Plaintiff that "[f]ailure . . . to comply with the [c]ourt's deadlines and the discovery requests from [D]efendant could result in her case being dismissed for failure to prosecute." ECF No. 22.

      Plaintiff did not respond to Judge Cott's order, nor to Defendant's attempts to contact her on January 19 and 28, 2021, via e-mail and certified mail. Def. Mem. at 2. Because of her failure to appear, Defendant cancelled Plaintiff's deposition. *Id.*

      On February 4, 2021, Defendant moved to dismiss the case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, which provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it," and Rule 37, which permits dismissal for willful failure to comply with discovery orders, *Santos v. New York City Hous. Auth.,* No. 01 Civ. 1646, 2003 WL 1213335, at *3 (S.D.N.Y. Mar. 17, 2003). Def. Mem.

On February 9, 2021, the Court issued an order to show cause, stating that it was inclined to dismiss the case, and that by March 9, 2021, Plaintiff should file a letter with the Court showing cause why the action should not be dismissed, or it would dismiss the case. ECF No. 24. Plaintiff did not file a response within the specified time.

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (internal quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's failures or noncompliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) . . . [the court's] interest in managing its docket against [the] plaintiff's interest in receiving an opportunity to be heard; and 5) . . . the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b). *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Avila v. Comm'r of Soc. Sec.*, No. 15 Civ. 2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all factors weigh in favor of dismissal. First, Plaintiff has not participated in this case since at least August 2020, approximately ten months. Second, the Court warned Plaintiff that failure to respond in a timely manner to the order to show cause would result in the dismissal of the case. ECF Nos. 22, 24. Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Here, Defendant has incurred costs in attempting to conduct discovery and depose Plaintiff. Fourth, Plaintiff's non-compliance has caused the case to stall during discovery, and Plaintiff has declined to respond to this Court and Judge Cott's orders to avail herself of the opportunity to be heard. Finally, the Court has considered lesser sanctions than dismissal, and finds no reason to believe that other sanctions would yield a different result in light of Plaintiff's prolonged failure to participate in discovery and failure to comply with Judge Cott's discovery sanctions warning.

Upon weighing these five factors, the Court finds that dismissal is appropriate. Accordingly, the complaint is DISMISSED without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[1]

The Clerk of Court is directed to close the case and mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: June 14, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] Because the Court is dismissing under Rule 41(b), it does not consider Defendant's argument under Rule 37.